UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 11-59-DCR |
| Plaintiff, | ) | Criminal Action No. 5: 11-60-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SAMUEL PERRY PARRISH, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of *pro se* Defendant Samuel Perry Parrish's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). [Record No. 37] The defendant relies upon the recent amendments to drug tables in the United States Sentencing Guidelines as the basis for his motion. Judge Jennifer B. Coffman sentenced Parrish to a term of incarceration of 78 months on April 5, 2012.[1] [Record No. 31] Because Judge Coffman has retired, this matter was transferred to the undersigned by random draw for consideration of defendant's motion. [*See* Record No. 26.] Having reviewed the file of this proceeding, including the defendant's Presentence Investigation Report ("PSR") and

---

[1] This sentence encompasses a 78 month sentence in the matter of *United States v. Parrish*, 5: 11-59-JBC and a concurrent 78 month sentence on in Count One in another matter, *United States v. Parrish*, 5: 11-60-JBC. Parrish only filed his motion for reduction of his sentence in Criminal Action No. 5: 11-59. However, he was sentenced for both criminal matters together and the guideline calculation combined the counts from both criminal actions into one non-binding guideline range. [Presentence Investigation Report, pp. 7–8, ¶¶ 19, 20] Parrish also addresses both criminal cases in his motion. Accordingly, the Court will address the charges in the two indictments, the resulting guideline range, and sentence, together. Parrish will be denied a reduction of his sentence in Criminal Action No. 5: 11-60 for the same reasons stated herein.

transcript of the sentencing hearing, the Court determines that a reduction of Parrish's sentence is not appropriate under the facts presented. His motion, therefore, will be denied.[2]

Parrish was the subject of two indictments on May 5, 2011. He was charged with one count of possession with intent to distribute cocaine in Criminal Action No. 5: 11-59 in violation of 21 U.S.C. §§ 841(a)(1) and 851.[3] In the other matter, Criminal Action No. 5: 11-60, Parrish and a co-defendant were charged with conspiring to possess with intent to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Parrish entered a guilty plea on both charges on July 7, 2011. [Record No. 15]

Regarding the cocaine charge, Parrish admitted to the following conduct as outlined in the plea agreement:

> (a) On or about May 9, 2007, members of the Lexington Metro Police Department (LMPD) were conducting surveillance on the Defendant. LMPD had previously received information that the Defendant was selling large quantities of cocaine. LMPD noticed the Defendant in the company of a known cocaine trafficker. The Defendant entered a vehicle with this individual and traveled westward on 1-64 towards Louisville, Kentucky. Surveillance was terminated near Waddy, Kentucky. Several hours later the Defendant returned to a location in Lexington, Fayette County, Kentucky in the Eastern District of Kentucky where the Defendant had previously parked one of his vehicles. The Defendant was observed exiting the other

---

2   The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

3   Unless otherwise noted, all references to the record refer to Criminal Action No. 5: 11-59.

individual's vehicle with a McDonald's bag in his hand. A short time later the Defendant entered his vehicle with the McDonald's bag and continued to the area of New Circle Road and Tates Creek Road in Lexington, Ky. LMPD conducted a vehicle stop on the Defendant's vehicle. A LMPD drug detection dog alerted to the odor of controlled substance emanating from the defendant's vehicle. When asked, the Defendant stated that there were narcotics in his vehicle.

(b) The McDonald's bag mentioned above was located in the Defendant's vehicle. The Defendant stated that the bag contained approximately 18 ounces of cocaine and that he had just traveled to Louisville to get that amount. The Defendant stated that he had paid $12,500 for the cocaine and that he had intended to sell that amount.

(c) The suspected cocaine was sent to the Kentucky State Police Lab for analysis and was determined to be 498.4 grams of cocaine HCL (powder cocaine). Cocaine is a Schedule II controlled substance. This amount is consistent with distribution as opposed to mere personal use.

[Record No. 26]

With respect to the oxycodone charges in the second action, Parrish admitted to the following conduct as outlined in the plea agreement:

(a) On or about March 28, 2011, members of the Kentucky State Police (KSP) and Drug Enforcement Administration (DEA) received information that the Defendant was engaged in the importation and distribution of Oxycodone tablets with other individuals from the state of Florida. KSP and DEA units began surveillance on the Defendant on March 31, 2011. Throughout the course of that day, the Defendant was observed making several stops at different locations in the city of Lexington, Kentucky. At one of these locations the Defendant was observed leaving that location with a bulky object. KSP units initiated a traffic stop on the Defendant's vehicle on North Locust Hill Road, Lexington, Fayette County, Kentucky in the Eastern District of Kentucky (EDKY). The Defendant was the driver of the vehicle and Jennifer Lynn Jacobs was the passenger in the right front seat. A KSP drug detection dog alerted to the odor of controlled substances emanating from the Defendant's vehicle. A search of the vehicle revealed a zip lock bag in the center console of the vehicle which contained approximately [4,269] Oxycodone 30 mg tablets. Under the right front passenger seat was $6,571 dollars in United States Currency. An additional amount of $5,890 in United States currency was seized from the Defendant's person. The investigation revealed that the Defendant had retrieved the zip lock bag with the Oxycodone tablets from one of the individuals that was a source of supply for the

Defendant. The Defendant had agreed with one or more persons to distribute Oxycodone.

(b)     KSP detectives traveled to the known residence of the Defendant which was one of the locations that the Defendant was observed visiting during the monitored surveillance. At that location, KSP detectives came into contact with the occupant (the Defendant' [sic] girlfriend) who voluntarily consented to search of the residence. KSP detectives located a set of black digital scales, various pills, prescription bottles and $139,828 in United States currency. These amounts were attributed to the Defendant.

(c)     The zip lock bag containing the [4,269] Oxycodone 30 mg tablets was sent for fingerprint analysis. This analysis recovered a latent fingerprint on the exterior of the ziplock bag that was confirmed to be a fingerprint of the Defendant.

(d)     Oxycodone is a Schedule II controlled substance. The above amount is consistent with distribution as opposed to mere personal use. The cash amounts of $6,571, $5,890, and $139,828 represent proceeds from the distribution of controlled substances or substitute assets from the distribution of controlled substances.

[Record No. 32, therein]

Parrish was sentenced on April 5, 2012 to a term of 78 months of incarceration, followed by the maximum supervised release term of six years. [Record No. 31] Under the United States Sentencing Guidelines § 3D1.2(d), these offenses were grouped together to determine a base offense level of 30. Parrish benefited from a three level reduction for acceptance of responsibility, resulting in an offense level of 27 and a criminal history category of II. [PSR, pp. 7–8] This resulted in a non-binding guideline range of 78 to 97 months.

Parrish cooperated with the government, as noted in his sentencing memorandum and the transcript of the hearing in this matter. [Record No. 28, p. 4] However, he conspired to distribute oxycodone while he was cooperating with law enforcement. [Record No. 28, p. 3]. At the time that the sentencing memorandum was filed, the government was contemplating

filing a motion under U.S.S.G. §5K1.1, and the defendant argued for a below-guideline sentence. Ultimately, the government did not file a §5K motion. However, the Assistant United States Attorney indicated during the sentencing hearing that, despite the severity of the offenses, Parrish's cooperation was worth consideration in determining his sentence. The sentencing Court determined that a sentence of 78 months was sufficient, but not greater than necessary to meet the applicable statutory goals and objectives.

The issue presented by the current motion is whether a sentence reduction would be warranted in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553. In evaluating the present motion, this Court must consider all relevant statutory factors and independently determine whether a reduced sentence would be "sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." These factors include, but are not limited to, the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from future crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner;

18 U.S.C. § 3553(a)(2). Considering all relevant factors, the undersigned believes that such a reduction would be wholly inappropriate.

Parrish was convicted in his 20's on two separate drug charges. In 2007, when he was 36, Parrish was arrested with 498.4 grams of powder cocaine, which he later admitted that he possessed with the intent to distribute. While cooperating with the government in

2011, Parrish was involved in a conspiracy to import and distribute a substantial quantity of oxycodone from Florida. Parrish's flagrant violation of criminal laws, while cooperating with the government, indicates a fundamental lack of respect for the law. As outlined at the sentencing hearing, Parrish made important contributions to the government's prosecutions in other matters. However, this cooperation was previously and more than adequately factored into his original sentence.

Considering the seriousness of Parrish's offenses, as well as the need to provide specific deterrence to Parrish and general deterrence to others inclined to commit similar offenses in the future, the Court finds that a sentence below 78 months would not be appropriate. The likelihood that Parrish will re-offend when released is substantial and the corresponding danger he presents to the public is great. Parrish's argument that he is assigned to a minimum security prison and that he is eligible to work outside the facilities' boundaries is unavailing. The Bureau of Prison's ("BOP") determination regarding these points are noteworthy, but this Court must consider other concerns as outlined above. Similarly, Parrish's actions to further his education and maintain his family contacts while incarcerated, while certainly positive, are not sufficient to warrant a reduction under the relevant factors in this case. Neither deterrence nor respect for the law will be promoted by a reduced sentence. While the costs to incarcerate Parrish are substantial, those costs are not specifically enumerated factors to consider under 18 U.S.C. § 3553, and they do not overcome the relevant considerations outlined above.

While the Court has the authority and the ability to reduce Parrish's sentence based on the amendments to the United States Sentencing Guidelines, those guidelines are not binding. And the *ability* to reduce Parrish's sentence does not mean that the Court is required to do so.

Under the circumstances presented, this Court finds that a lesser term of incarceration would unduly diminish the seriousness of Parrish's offenses and would not provide appropriate punishment. Accordingly, it is hereby

**ORDERED** that:

1. Defendant Samuel Perry Parrish's motion for a reduction of his sentence [Record No. 37] is **DENIED.**

2. The Clerk of Court shall **FILE** a copy of this Memorandum Opinion and Order in Criminal Action No. 5: 11-60.

This 12th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge